IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES LOWRIE HAROLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-09-E |
| | ) |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 26th day of March, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues, in essence, that the Administrative Law Judge ("ALJ") erred by: failing to give adequate weight to the medical opinion evidence provided by Plaintiff's treating physician in formulating Plaintiff's residual functional capacity assessment ("RFC"); and failing to find that Plaintiff meets or medically equals the requirements of one of "the Listings." The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention regarding the ALJ's decision not to give controlling weight to the opinion evidence provided by treating physician John P. Scullin, M.D. (R. 379-81). It is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). "The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). A treating physician's opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Soc. Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

The Court notes that the opinion of Dr. Scullin is provided on a form that was simply filled out by the doctor, and consists of options to check and blanks to be filled in by hand. (R. 379-81). The Third Circuit Court of Appeals has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Thus, the Court finds that Dr. Scullin's opinion lacks significant discussion, explanation or details to justify his statements contained therein.

Additionally, the Court finds that the ALJ sufficiently explained his reasons for giving Dr. Scullin's opinion less than controlling weight in his analysis. The ALJ did not fail to provide sufficient reasons for discounting Dr. Scullin's opinion, nor did he simply substitute his own lay analysis for the judgment of Dr. Scullin in formulating Plaintiff's RFC. Rather, the ALJ fulfilled his duty as fact-finder to evaluate Dr. Scullin's opinion, considering a number of factors, and in light of all the evidence presented in the record. See 20 C.F.R. §§ 404.1527, 416.927.

In fact, the ALJ ultimately gave little weight to Dr. Scullin's opinion, finding that the evidence of record does not support a conclusion that the limitations contained therein applied before Plaintiff's hip surgery, and also finding that the evidence does not support a conclusion that such limitations would persist for 12 months post-surgery. (R. 26). In his explanation, the ALJ explained the weight that he was giving to Dr. Scullin's opinion only after engaging in an extensive discussion of the evidence of record, including Plaintiff's treatment records and other objective medical evidence, his reported symptoms, and discussion of his activities and change in symptoms over time as well as his recent surgery and recovery therefrom. (R. 15-26). Specifically, on September 2, 2016, less than three months after he had performed hip replacement surgery on Plaintiff, Dr. Scullin opined that Plaintiff "would be limited from full-time work at even the sedentary level, with an ability to sit, stand, and walk less than eight-hours total in a day, and he would be off-tasks or need to change positions frequently throughout the day." (R. 25, 379-81). Plaintiff argues that the ALJ should have adopted those limitations in formulating his RFC.

"Disability" is defined under the Social Security Act as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or **that has lasted or can be expected to last for a continuous period of not less than 12 months**. See 42 U.S.C. § 423(d)(1)(A). In this case, the ALJ explained that, while it is reasonable to find that Plaintiff "would have a period of reasonably recovery around the time of his hip surgery," he could not "find that it persisted longitudinally, or that Dr. Scullin's statement reflects longitudinal functional limitations." (R. 25). In explaining his rationale for this determination, the ALJ emphasized that Dr. Scullin noted on his medical source statement that he had only been treating Plaintiff since June 2016, and that a review of the doctor's treatment records "document his treatment has been specifically related to [Plaintiff's] hip surgery." (R. 25). The ALJ also explained that, for reasons he discussed at length earlier in his decision (and with which the Court agrees, see infra), Plaintiff's treatment in the time leading up to his surgery was not of a "nature, frequency, or scope as would support a more restrictive finding." (R. 25-26). For example, the ALJ noted that "the objective findings on physical examinations into 2016 showing no more than a mildly antalgic gait with intact strength and relatively preserved range of motion" do not support a more restrictive finding. (R. 26). Additionally, the ALJ explained that the opinion of state agency consultant Dilip S. Kar, M.D. from 2015, prior to Plaintiff's surgery, likewise did not support the restrictions indicated by Dr. Scullin. (R. 26). Thus, the ALJ ultimately concluded that the evidence of record does not support the idea that "the limitations suggested by Dr. Scullin in September 2016 reflect longitudinal functioning prior to his hip surgery." (R. 26).

Further, the ALJ also found that Dr. Scullin's opinion is not supportive of an expectation that Plaintiff's impairment "will persist for 12-consecutive months going forward." (R. 26). The ALJ noted that, at the time of his hearing, Plaintiff "reported only a routine follow-up appointment scheduled for December, and as of examinations in August 2016, [Plaintiff] was described as presenting without distress and with no gross strength deficits or instability, no notable restrictions of motion, and intact sensation." (R. 26). As noted, supra, the ALJ found that Plaintiff's period of recovery after his surgery does not reflect longitudinal limitations that would necessarily persist for 12 months. (R. 25-26). The Court finds that the ALJ adequately

3

explained his reasons for giving Dr. Scullin's opinion little weight in formulating Plaintiff's RFC.

To the extent that Plaintiff wishes to argue more generally that the ALJ's decision is not based on the evidence of record, the Court also disagrees. The ALJ engaged in extensive discussion of the medical record and relied on a great deal of specific evidence to reach his conclusions, including the medical opinion of Dr. Kar, who found that Plaintiff could perform a range of sedentary work with certain postural and environmental limitations. (R. 70-83, 84-96). The ALJ discussed Dr. Kar's opinion at length and gave that opinion some weight to the extent that it supports a finding that the evidence available at the time of his opinion did not indicate Plaintiff was precluded from performing regular and continuous work. (R. 25). However, the ALJ afforded Dr. Kar's opinion lesser weight to the extent that he found that it did not include additional restrictions appropriate to accommodate Plaintiff's other issues. (R. 25). The ALJ also relied on other evidence in making his determination, including the fact that Plaintiff was repeatedly found to be in no distress at many of his examinations; that Plaintiff was referred to physical therapy but did not attend; and that in early 2016 Plaintiff reported using a cane but had only a moderately antalgic gait, a mildly limited range of motion, no decrease in sensation and no weakness. (R. 22-25). Thus, the ALJ ultimately found that the evidence of record did not show that Plaintiff had significant enough limitations before his surgery to support a more restrictive finding—nor did the evidence show that Plaintiff's recovery was likely to persist long enough after surgery—to support a more restrictive finding.

Plaintiff also briefly contends that the ALJ engaged in impermissible conjecture in finding that Plaintiff would not be disabled long enough into the future to qualify for benefits. As discussed, supra, however, the ALJ did not engage in mere conjecture, but he instead properly found that the evidence did not support the contention that the limitations suggested in Dr. Scullin's opinion establish Plaintiff's continued impairment well into the future.

Finally, Plaintiff asserts that the ALJ erred in giving Dr. Scullin's opinion little weight without relying on contradictory medical evidence. However, as discussed, supra, the ALJ was not required to accept the opinion of Dr. Scullin uncritically. See 20 C.F.R. §§ 404.1527, 416.927. Also, as discussed, because the ALJ reasonably found that Dr. Scullin's limitations were inconsistent with the other substantial evidence in the record to the extent they reflected longitudinal limitations, the Court finds that the ALJ did not err in this regard. See 20 C.F.R. §§ 404.1527(c), 416.927(c).

Therefore, the Court concludes that the ALJ sufficiently considered the opinion of Dr. Scullin in his decision, and finds that the ALJ did not err in giving Dr. Scullin's opinion little weight in this case.

Second, Plaintiff asserts that the ALJ erred in finding that Plaintiff's impairments do not meet the severity of Listings 1.02 or 1.03 at Step Three of the sequential analysis. In his decision, the ALJ explained that Plaintiff's impairments had been evaluated under Listings 1.02 (Major dysfunction of a joint) and 1.03 (Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint). (R. 16). Upon review of the relevant evidence of record, however, the

ALJ found that, although Plaintiff had surgery on his hip for osteoarthritis and imaging documented mild degenerative findings in his knee, "the record fails to document an inability to ambulate effectively for any 12-consecutive month period." (R. 16).

First, the Court notes that the Listings operate as a regulatory device used to streamline the decision-making process by identifying claimants whose impairments are so severe that they may be presumed to be disabled. See 20 C.F.R. §§ 404.1525(a), 416.925(a). Because the Listings define impairments that would prevent a claimant from performing any gainful activity—not just substantial gainful activity—the medical criteria contained in the Listings are set at a higher level than the statutory standard for disability. See Sullivan v. Zebley, 493 U.S. 521, 532 (1990). Thus, a claimant has the burden of proving a presumptively disabling impairment by presenting medical evidence that meets all of the criteria of a listed impairment or is equal in severity to all of the criteria for the most similar listed impairment. See 20 C.F.R. §§ 404.1526, 416.926.

Listings 1.02 and 1.03 share a common requirement which appears to be the finding in question here, namely that a claimant must demonstrate an "inability to ambulate effectively." 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.02(A), 1.03. The regulations define the inability to ambulate effectively as "an extreme limitation of the ability to walk, *i.e.,* an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. . . . having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. Part 404, subpart P, Appendix 1, § 1.00(B)(2)(b).

Plaintiff contends here that he meets this requirement of Listing 1.02 because he had "difficulty walking for over a year from January 2015 through March 2016." (Doc. No. 10, at 14). He also asserts that he meets this requirement of Listing 1.03 because, at the time of his hearing which was less than 3 months after his hip surgery, he continued to need a walker to ambulate, and there was no reason to believe that the rest of Plaintiff's recovery would be complete within 12 months. (Doc. No. 10, at 15).

However, as the ALJ discussed in his decision, clearly and in detail, there was no evidence to show that Plaintiff was—or would be—unable to ambulate effectively for any consecutive 12 month period. (R. 17). The ALJ explained that, prior to Plaintiff's 2016 surgery, his records document limitations in ambulation, but they do not reflect limitations rising to the level of an inability to ambulate effectively. (R. 17). The ALJ then reviewed and discussed Plaintiff's ambulation issues as revealed in the record since the onset date of June 2014, and continuing through Plaintiff's most recent visit of record in which he was described as "doing well" post-surgery. (R. 17). Finally, the ALJ explained that, since his surgery, Plaintiff has been described as using a walker, "but since this was not an issue prior to his surgery and, with reasonable treatment, this would not be expected to be his longitudinal functional level, it cannot be found persuasive in establishing listing level severity or otherwise in establishing limitations more restrictive than adopted." (R. 17). Therefore, because the ALJ reasonably concluded that

5

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

Plaintiff did not show that he was unable to ambulate effectively, as defined in the Act, the Court finds that the ALJ did not err in failing to find that Plaintiff did not meet a Listing.

As to any additional arguments mentioned summarily by Plaintiff in his brief, the Court finds that he has failed to establish how the ALJ's failure to consider properly any additional evidence of record constitutes reversible error.

In sum, after careful review of the record, the Court finds that substantial evidence supports the ALJ's evaluation of Dr. Scullin's opinion and his decision as to the weight given to that opinion in making his ultimate determination regarding Plaintiff's RFC. The ALJ addressed the relevant evidence in the record and he thoroughly discussed the basis for his RFC finding. Additionally, the Court finds that the ALJ did not err in finding that Plaintiff did not meet or medically equal the requirements of the Listings. Accordingly, the Court affirms.